**SO ORDERED.**

**SIGNED this 01 day of August, 2008.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| In the Matter of: | Case No.: |
| CONNECTICUT AVENUE PARTNERS, LLC | 07-04806-8- RDD |
|     Debtor | Chapter 11 |

**Order Confirming Plan**

The Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed by the Debtor on April 16, 2008 (hereinafter, the "Plan"), or a summary thereof, having been transmitted to creditors and owners of timeshare units, and a Hearing on Approval of the Debtor's Disclosure Statement and Confirmation of the Plan having been conducted in the United States Bankruptcy Court in Wilson, North Carolina on June 24, 2008; and

The Court being advised as to the acceptance of classes of impaired claims of the Plan, and having considered the evidence presented at the hearing, the record of the case, and arguments of counsel for the Debtor, Midwest Business Capital and the Bankruptcy Administrator;

NOW, THEREFORE, the Court makes the following findings of fact and conclusions of law:

1. The Plan and the proponent comply with all requirements of 11 U.S.C. § 1129(a). The Court notes that the Bankruptcy Administrator is in support of confirmation of the Plan.

2. It having been determined after hearing on notice that the applicable requirements for confirmation set forth in Section 1129 of the Bankruptcy Code have been satisfied;

IT IS ORDERED THAT:

1. The Plan is CONFIRMED, subject to the following modifications:

A. <u>Class I – Administrative Costs.</u>   The following amendments and conditions of confirmation apply to the classification and treatment of the Class I claims, Section III (A) of the

C873707

Plan. The classification and treatment of the Class I claims shall be amended to provide as follows:

(1) <u>Classification</u>. Class I consists of claims for any cost or expense of administration pursuant to Sections 503, 506 and 507 of the Bankruptcy Code.

The following professionals will be paid subject to Court approval:

| | |
|---|---|
| Stubbs & Perdue, P.A., Attorney for Debtor | To be determined by the Court |
| A. G. Salem & Associates, PLLC, Accountant for Debtor | To be determined by the Court |

(2) <u>Impairment</u>. This class will be impaired.

(3) <u>Treatment</u>. Administrative costs and expenses approved by the Court shall be paid in cash and in full including accruals to date of payment within ten (10) days from the Effective Date of the Plan.

The Debtor will use its best efforts to settle its pending lawsuit against NC Underwriting Association on or before July 8, 2008. The proceeds of that lawsuit shall be used to satisfy Class I claims, and sufficient settlement proceeds shall be held in trust by Stubbs & Perdue, PA to satisfy these claims.

In the event that funds are not available to pay such costs and expenses within ten (10) days of the Effective Date of the Plan, then each holder of such a claim will receive payments from the Debtor's cash flow until paid in full. Such claims remaining unpaid ten (10) days following the Effective Date shall accrue interest at a rate of eight percent (8%) per annum.

B. <u>Class III – Midwest Business Capital ("Midwest")</u>. The following amendments and conditions of confirmation apply to the classification and treatment of the Class III claim, Section III (C) of the Plan. The classification and treatment of the Class III claim shall be amended to provide as follows:

(1) <u>Classification</u>. On March 9, 2006, the Debtor and Midwest entered into a promissory note in the original principal amount of $2,000,000.00, with interest accruing at a variable rate of interest equal to the Prime rate plus 1.50% per annum. Monthly payments under the note are $16,784.00 per month. The note is secured by a first priority deed of trust on the commercial building and land located at 925 Broad Street, New Bern, North Carolina, as well as an Assignment of Rents covering the same property. Additionally, the Debtor and Midwest entered into a security agreement, granting Midwest a lien on certain personal property, including inventory, equipment, fixtures, and accounts. Midwest filed claim number 26 in the amount of $1,982,885.16.

(2) <u>Impairment</u>. This class will be impaired.

(3) <u>Treatment</u>. This obligation shall be treated as a fully secured obligation of the

Debtor in an amount equal to (1) all outstanding principle and interest due on the petition date; plus (2) unpaid interest accruing at the non-default rate of interest as described in the note until the date of repayment of the total obligation owed to Midwest; plus (3) costs and expenses approved by the Court pursuant to Section 506(b); less (4) any post-petition payments. Midwest shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtor proposes to pay this secured claim in full through a proposed refinance of its financial obligations within 90 days of the Effective Date ("Refinance Period"). In the event the Debtor is unable to satisfy this claim in full during the Refinance Period, the Debtor proposes to amortize the amount of Midwest's secured claim over a period of 20 years, with interest at the rate of 6.75% per annum. Monthly payments shall commence on the 15th day of the first full month following the Refinance Period. For feasibility purposes, the Debtor estimates that monthly payments under this proposal will be $15,077.15.

Additionally, Midwest has received a payment of $100,000.00 from Channing and Kim Steele, guarantors of the debt owed by the Debtor to Midwest, from the sale of real property located at 353 W. Princess Avenue, Norfolk, Virginia, on which Midwest has a lien. This payment shall be applied to Midwest's claim against the Debtor. The Steeles will also provide Midwest with a deed of trust on 1062 Commonwealth Place, Virginia Beach, Virginia to further secure Midwest. The Steeles will use their best efforts to provide the Deed of Trust on the 1062 Commonwealth Place, Virginia Beach, Virginia property on or before August 15, 2008.

Furthermore, in the event the Debtor determines it is in its best interest to liquidate its property, it will do so in a commercially reasonable manner. If any collateral on which Midwest has a lien is sold pursuant to a liquidation by the Debtor, those sale proceeds will be distributed in accordance with the priorities of the Bankruptcy Code.

In the event of a refinance or sale of the property, the Debtor will not pay any pre-payment penalties or other charges provided for in the loan documents, other than interest at the non-default rate.

2. To the extent any language in the Plan is inconsistent with the provisions of this Order, the provisions of this Order shall govern.

3. Except as provided in this Order, the Plan, or in Section 1141(d) of the Bankruptcy Code, the Debtor is hereby released from all dischargeable debts, provided, however that Confirmation is expressly conditioned upon the Debtor providing for the payment of all allowed claims assertable against the Debtor's estate as specified in the Plan and in this Order.

4. All objections to claims, including requests for costs and expenses under section 506(b), fee applications and adversary proceedings will be filed with the Court within sixty (60) days of the Effective Date, which shall be ten (10) days from the date of the entry of this Order.

5. The Debtor shall file Post-Confirmation Reports with the Clerk of Court pursuant to Section 1106(a)(7) with a copy served upon the Bankruptcy Administrator. The first report shall be due on the earliest of December 31, March 31, June 30 or September 30 in the Calendar year in which this Plan is confirmed. The Debtor shall file subsequent reports at the end of every

C873707                                    3

succeeding quarter (December 31, March 31, June 30, or September 30), until the Plan is substantially consummated. Quarterly Reports shall reflect any progress made in consummating the Plan during the period covered by the report. Post-Confirmation Reports shall be filed in the format prescribed by the Bankruptcy Administrator. Debtor will continue paying the quarterly fee to the United States Bankruptcy Court until the Motion for Final Decree is filed.

      6.    Within thirty (30) days of substantial consummation of the Plan, as defined by Section 1101(2), the Debtor shall file a final report, in a format prescribed by the Bankruptcy Administrator, reflecting the payments made for all costs of administration and each class of creditors, and a motion for the entry of a Final Decree pursuant to Rule No. 3022, F.R.B.P.

      7.    The Debtor shall pay to the Clerk, United States Bankruptcy Court, the sum of $0.00 for court costs. The Debtor shall continue to pay quarterly fees until it receives its Final Decree.

      8.    The Debtor shall serve a copy of this Order on all creditors within five (5) days of the entry of this Order and promptly file a Certificate of Service with the Clerk.

"End of Document"